GREGORY P. STONE (State Bar No. 78329)
gregory.stone@mto.com
JEREMY K. BEECHER (State Bar No. 301272)
Jeremy.beecher@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
carolyn.luedtke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Plaintiff Intel Corporation

BAHRAM SEYEDIN-NOOR (State Bar No. 203244)
bahram@altolit.com
DANIEL SAKAGUCHI (State Bar No. 222722)
daniel@altolit.com
BRYAN KETROSER (State Bar No. 239105)
bryan@altolit.com
ALTO LITIGATION, PC
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 779-2586
Facsimile: (866) 654-7207

Attorneys for Defendant Doyle Rivers

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| INTEL CORPORATION,<br><br>       Plaintiff,<br><br>    vs.<br><br>DOYLE RIVERS, an individual, and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. 2:18-cv-03061-MCE-AC<br><br>**JOINT RULE 26(F) CONFERENCE REPORT AND DISCOVERY PLAN**<br><br>Judge:   Hon. Morrison C. England, Jr.<br>Date:    n/a<br>Time:    n/a<br>Crtrm.:  7 |

41102849.3

Plaintiff Intel Corporation and Defendant Doyle Rivers respectfully submit this Joint Report and Discovery Plan following the parties' discovery conference pursuant to Federal Rule of Civil Procedure 26(f), which took place on January 24, 2019.

## I. JOINT RULE 26(F) CONFERENCE REPORT AND DISCOVERY PLAN

### A. Fed. R. Civ. P. 26(f)(3)(A): Changes to Timing, Form or Requirements for Initial Disclosures Under Fed. R. Civ. P. 26(a)

The parties do not require changes to the timing, form or requirements for initial disclosures under Fed. R. Civ. P. 26(a). The parties agree to exchange initial disclosures no later than February 7, 2019, which is fourteen days after their conference pursuant to Fed. R. Civ. P. 26(f).

### B. Fed. R. Civ. P. 26(f)(3)(B): The Subjects on which Discovery Is Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Limited to Particular Issues

#### 1. Subjects on which Discovery Is Needed

Intel intends to take discovery on the following topics: (a) Trade secret or confidential information misappropriated by Defendant, including (1) the specific information misappropriated, (2) his use of that information, (3) his dissemination of that information, (4) his destruction of evidence pertaining to the misappropriation, including on the USB device used on the Intel laptop, and (5) Rivers' unjust enrichment as a result of retaining Intel confidential or trade secret information; and (b) the solicitation of Intel employees by Rivers.

Rivers intends to take discovery on the following topics: (1) the identity, with precision and specificity, of each and every alleged trade secret that Plaintiff contends that Rivers unlawfully acquired, used or disclosed; (2) the bases for any claim that Rivers unlawfully acquired, used or disclosed Plaintiff's alleged trade secrets; (3) the bases for any claim of threatened misappropriation of Plaintiff's alleged trade secrets by Rivers; (4) the bases of any claim that Rivers has solicited Intel employees in violation of an alleged contractual obligation to Intel; (5) the bases of any claim that Rivers has used or disclosed Plaintiff's confidential information in violation of an alleged contractual obligation to Intel; (6) the nature and extent of

River's alleged unjust enrichment; and (7) the nature and extent of Plaintiff's alleged damages on all of its asserted claims.

### 2. When Discovery Should Be Completed

The parties agree the November 27, 2019 fact discovery cutoff set forth in the Court's Initial Pretrial Scheduling Order (ECF No. 4) is sufficient. Should litigation of the pre-discovery trade-secret disclosure issue (see Section I(E) below) consume a significant portion of the time allotted for fact discovery, Intel may move the Court to extend the fact discovery cutoff for that reason.

### 3. Whether Discovery Should Be Conducted in Phases or Limited

Rivers maintains, as set forth in Section I(E) below, that Plaintiff should not be permitted to proceed with discovery until it identifies its alleged trade secrets with precision and specificity. Intel disagrees and asserts that there is no such requirement for DTSA claims and, in any event, Intel has made such an identification. Other than this issue and other matters addressed in Section I(E) below, the parties do not believe special phasing of, or limits on, discovery is required.

## C. Fed. R. Civ. P. 26(f)(3)(C): Issues Regarding the Disclosure, Discovery or Preservation of Electronically Stored Information

### 1. ESI Protocol

The parties will work to negotiate a mutually agreeable Electronically Stored Information protocol, including the scope of any metadata to be produced.

### 2. Protective Order

The parties agree a protective order is necessary to protect information produced during discovery. The parties further agree a two-tier protective order, with provisions for both "Attorney's Eyes Only" and "Confidential" designations, is required. The parties have a dispute over whether Rivers should be allowed to see "Attorney's Eyes Only" and "Confidential" information designated by Intel under the Protective Order. It is Intel's view that Rivers should not be able to see any Intel documents designated "Attorney's Eyes Only" or "Confidential" unless he was copied on or visibly a recipient or author of the document while at Intel. For

documents Intel has designated "Attorney's Eyes Only" or "Confidential" where Rivers was copied on or visibly a recipient or author of the document while at Intel, Intel's position is that he should only be able to view the document in the offices of counsel. Rivers' view is that he should be permitted to see any document designated as "Attorneys' Eyes Only" or "Confidential" if Rivers had access to it during the time he worked at Intel. Further, while measures may be taken to prevent such documents from being replicated, the proposed requirement that Rivers only be able to view such documents in the offices of counsel is overly burdensome.

The parties agree to negotiate a protective order and to alert the court as to the specific language in dispute.

### D. Fed. R. Civ. P. 26(f)(3)(D): Issues Regarding Claims of Privilege

#### 1. Privilege Log

The parties agree that, within 21 days of producing documents responsive to any request for document production, they will produce a privilege log describing any responsive documents withheld from that document production on the basis of privilege.

### E. Fed. R. Civ. P. 26(f)(3)(E): Changes or Limitations to Impose on Discovery

The parties identified two currently known areas of disagreement regarding limitations to be imposed on discovery in this action.

#### 1. The Parties' Agreement Regarding Inspection of Defendant's Home Computer and Other Personal Computing Devices

Pursuant to the Court's order in open court on February 7, 2019, Intel will conduct, through a third-party vendor, an inspection of Defendant's home computer under the parameters agreed to by the parties at the February 7 hearing. Intel will conduct similar inspections of Defendant's other personal computing devices if required. Intel contends Defendant's objection to the inspection of his home computer is mooted by the Court's order permitting such an inspection to take place.

Defendant has agreed to the foregoing inspection, pursuant to the measures agreed upon by the parties to protect Rivers' privacy and personal information, including that the results of the inspection will be subject to the protective order and designated "Attorneys' Eyes Only."

## 2. The Parties Disagree About the Necessity of a Pre-Discovery Trade Secret Disclosure

Rivers contends that the pre-discovery trade secret disclosure generally required in federal trade secret litigation (akin to, but not governed by, the disclosure requirement provided in California Code of Civil Procedure Section 2019.210 and applicable to claims brought under the California Uniform Trade Secret Act) should be required of Intel before discovery may commence. Rivers maintains that this approach is consistent with federal district courts considering trade secret claims, including claims under the federal Defend Trade Secrets Act, and is warranted here because Intel has yet to identify its trade secrets with sufficient particularity. Rivers further contends that because Intel's trade secret claim is intertwined with its other claims, Intel may not take discovery on any of its claims until it has produced a pre-discovery trade secret disclosure.

Intel contends no pre-discovery trade secret disclosure is required in this case because it is proceeding solely under the federal Defend Trade Secrets Act, which contains no such requirement, and the Federal Rules of Civil Procedure do not contemplate such phasing of discovery. Moreover, Intel believes that it has identified its trade secrets with sufficient particularity. Intel further contends that its other claims – for violation of a confidentiality agreement and violation of a contractual non-solicitation provision – do not involve trade secrets. Therefore, even if the Court were to require a pre-discovery trade secret disclosure, Intel contends that would not affect discovery on its other claims.

The parties were unable to reach agreement on this area and anticipate requiring the Court's intervention to resolve their disagreement.

## F. Fed. R. Civ. P. 26(f)(3)(F): Any Other Orders the Court Should Issue Under Rule 26(c) or Rule 16(b) and (c)

Intel does not request that the Court issue any other orders under Federal Rules of Civil Procedure 26(c) or 16(b) or (c). As outlined above, however, Rivers maintains that the Court should enter a Protective Order staying discovery, under Fed. R. Civ. Proc. Rules 16(c)(2)(L), 26(c) and 26(c)(1)(G), until Intel identifies its alleged trade secrets with specificity and precision.

**G.     Items Discussed by the Parties Pursuant to Local Rule 240**

In addition to the above topics discussed by the parties pursuant to Fed. R. Civ. P. 26(f), the parties also reached agreement on the following topics pursuant to Local Rule 240.

    **1.     Stipulations as to Authenticity**

The parties agree to stipulate to the authenticity of the Employment Agreement and Trade Secret Acknowledgment Form signed by Defendant and attached as exhibits to Intel's Motion for Preliminary Injunction.

    **2.     Deadlines for Further Proceedings**

Under the Court's Initial Pretrial Scheduling Order, the parties are to exchange expert witness designations by December 27, 2019, and to exchange rebuttal expert witness designations by January 26, 2020.

In addition to these deadlines, the parties propose the following:

- Expert witness discovery cutoff of March 22, 2020;
- Pretrial evidentiary motions shall be filed four weeks before the Final Pretrial Conference set by the Court.

    **3.     Mediation and/or Alternative Dispute Resolution**

The parties believe at the right time mediation will assist them in resolving this case. Intel does not believe mediation will be useful until fact discovery has concluded because it requires discovery into Defendant's misappropriation of trade secret and confidential information and solicitation of Intel employees to fully assess its claims. Defendant is open to mediation at any time.

DATED: February 7, 2019            Respectfully submitted,

                                               MUNGER, TOLLES & OLSON LLP

By:    /s/ Carolyn Hoecker Luedtke
       CAROLYN HOECKER LUEDTKE
Attorneys for Plaintiff Intel Corporation

DATED: February 7, 2019            Respectfully submitted,

ALTO LITIGATION, PC

By:    /s/ Daniel Sakaguchi
       DANIEL SAKAGUCHI
Attorneys for Defendant Doyle Rivers