GREGORY P. STONE (State Bar No. 78329)
gregory.stone@mto.com
JEREMY K. BEECHER (State Bar No. 301272)
Jeremy.beecher@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
carolyn.luedtke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Plaintiff Intel Corporation

BAHRAM SEYEDIN-NOOR (State Bar No. 203244)
bahram@altolit.com
DANIEL SAKAGUCHI (State Bar No. 222722)
daniel@altolit.com
BRYAN KETROSER (State Bar No. 239105)
bryan@altolit.com
ALTO LITIGATION, PC
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 779-2586
Facsimile: (866) 654-7207

Attorneys for Defendant Doyle Rivers

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| INTEL CORPORATION,<br><br>              Plaintiff,<br><br>     vs.<br><br>DOYLE RIVERS, an individual, and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No. 2:18-cv-03061-MCE-AC<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Judge:   Hon. Allison Claire<br>Date:    n/a<br>Time:    n/a<br>Crtrm.:  26 |

Plaintiff Intel Corporation and Defendant Doyle Rivers, by and through their counsel of record, hereby stipulate and agree to the following Protective Order:

WHEREAS, the parties to this proceeding anticipate that during the course of this litigation, the parties will produce or provide documents and information (including electronic data), which one or more parties contend contain trade secrets or other sensitive, private, confidential or proprietary information; and

WHEREAS, the parties to this proceeding wish to protect the confidentiality of such documents and information and to ensure that the parties can obtain and pursue discovery with minimum delay and expense;

THEREFORE, the parties respectfully ask the Court to enter this Protective Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of such documents and information in this case.

**STIPULATED PROTECTIVE ORDER**

The Court finds that this action may involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution this action is warranted.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

**DEFINITIONS**

A.     "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts and consultants, and outside counsel (and their support staff).

B.     "Material": all information, documents, items and things produced, served or otherwise provided in this action (whether paper, electronic, tangible or otherwise) by the parties or by non-parties.

C.     "Producing Party": a Party or non-party that produces Material in this action.

D.   "Receiving Party": a Party that receives Material from a Producing Party.

E.   "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED."

F.   "CONFIDENTIAL" Material:  Material the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, (iii) believes in good faith to constitute or to contain trade secret or other confidential commercial information; or (iv) believes in good faith to constitute or to contain trade secret or other confidential research or development information.  CONFIDENTIAL Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 2.

G.   "ATTORNEYS' EYES ONLY" Material:  Material the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, (iii) believes in good faith constitutes proprietary financial or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business; or (iv) believes in good faith constitutes proprietary technical sensitive competitive information that the Producing Party maintains as highly confidential in its business. ATTORNEYS' EYES ONLY Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 2. Material designated as "ATTORNEYS' EYES ONLY" is automatically subject to the PROSECUTION BAR in Section 11.

H.   "OUTSIDE COUNSEL RESTRICTED" Material.  Material meeting the

requirements for ATTORNEYS EYES ONLY Material, as set forth in Definition G above, which the Designating Party reasonably believes contains such highly sensitive information that its disclosure to any employees of an opposing party, including In-House Litigation Counsel, would present a substantial risk of harm to the competitive position of the Designating Party.  OUTSIDE COUNSEL RESTRICTED Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 2.  Material designated as "OUTSIDE COUNSEL RESTRICTED" is automatically subject to the PROSECUTION BAR in Section 11.

   I. "Designated Material": Material that is designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED."

   J. "Outside Counsel": attorneys (including litigation and clerical support staff) who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries but who are counsel of record for a Party.

   K. "In-House Litigation Counsel":  any attorney who is an employee in the legal department of a Party and whose responsibilities are to manage or oversee litigation and who does not engage in competitive decision-making (and his or her support staff such as paralegals and administrative assistants), and who shall not from the date of entry of this Protective Order through a period of one (1) year following the final conclusion of this action be engaged in: (i) the review of, participation in or approval of pricing, sales or marketing programs, (ii) the review of, participation in,  or approval of any aspect of 3DXP or OPTANE™ technology product design or manufacture, (iii) the filing or prosecution of any patent or trademark applications, (iv) the review or negotiation of any contract with a Producing Party related to 3DXP or OPTANE™ technology, or (v) the licensing of technology related to 3DXP or OPTANE™ technology.

   L. "Outside Consultant":  a person with specialized knowledge or experience in a matter pertinent to the action who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this action and who is not: (i) a current or anticipated employee of a Party or of a Party's competitor, or (ii) a consultant involved in product and/or process design or development for a Party or for a Party's competitor.

   M. "Professional Vendors":  persons or entities that provide litigation support services

(e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing or processing data) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this action and mock jurors retained by such a consultant to assist them in their work.  Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

N. "Involved In The Prosecution Of Patents Or Patent Applications:" participation in any way in: (i) reexamination proceedings or (ii) drafting, reviewing, approving or prosecuting any portion (e.g., any claim, any figure, or any specification language) of a patent application (including, but not limited to, provisional, non-provisional, original, continuation, continuation-in-part, divisional, reissue, and/or continued prosecution applications) or any portion of any amendment, response, reply, or other paper submitted to the United States Patent and Trademark Office (including the United States Board of Patent Appeals and Interferences) or any foreign agency responsible for examining or issuing patents**.**

## **TERMS AND CONDITIONS**

1. General Limitations on Disclosure and Use of Designated Material

Designated Material and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this litigation and not for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media or public.  Any person in possession of Designated Material shall exercise reasonably appropriate care with regard to storage, custody, or use of such Material in order to ensure that the confidential nature of the Material is maintained.  If Designated Material is disclosed or comes into the possession of any person other than in the manner authorized by this Protective Order, any Party having knowledge of the disclosure must immediately inform the Producing Party (and, if not the same person or entity, the Designating Party) of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such Material and to prevent further disclosure.

2. Procedure for Designating Materials

(a) Documents and Other Tangible Materials.  The designation of Material in the form

of documents, discovery responses, or other tangible materials (other than depositions or other pre-trial testimony) shall be made by the Designating Party by conspicuously affixing (physically or electronically) the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED" on each page containing information to which the designation applies (or in the case of computer medium on the medium label and/or cover).  To the extent practical, the legend shall be placed near the Bates number identifying the Material.  If a document has more than one designation, the more restrictive or higher designation applies.

(b) <u>Nontangible Materials</u>.  All Designated Materials that are not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth in Section 2(a) above shall be designated by the Designating Party by informing the Receiving Party in writing.

(c) <u>Deposition Testimony and Transcripts</u>.  Any Party may designate as CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED Material that is disclosed at a deposition by indicating on the record at the deposition that the testimony is CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED and is subject to the provisions of this Protective Order.  Any Party may also designate Material as CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED by notifying the court reporter and all of the parties, in writing within thirty (30) days after receipt of the final deposition transcript, of the specific pages and lines of the transcript that should be treated thereafter as CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED.  Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his/her possession, custody, or control.  All deposition transcripts shall be treated as OUTSIDE COUNSEL RESTRICTED for at least a period of thirty (30) days after receipt of the final transcript.

(d) <u>Nonparty Designations</u>.  Non-parties who produce Material in this action may avail themselves of the provisions of this Protective Order, and such Material produced by non-parties shall be treated by the parties in conformance with this Protective Order.  A non-party's use of this Protective Order for production of its Material does not entitle that non-party to have access to Material produced by any Party in this action.

3.     Inadvertent Production

(a)     <u>Inadvertent Failures to Properly Designate</u>.  If a Party or nonparty inadvertently produces Material without labeling or otherwise designating it in accordance with the provisions of this Protective Order, the Party or nonparty may give written notice to the Receiving Party that the Material produced is designated CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED and should be treated as such in accordance with the provisions of this Protective Order.  The Receiving Party must treat such Material according to its most recent designation of CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED from the date such notice is received.  If, before receiving such notice, the Receiving Party disclosed such Material to recipients who are not qualified to receive it under the most recent designation, the Receiving Party must immediately inform the Designating Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to assure that the Material is treated in accordance with the provisions of this Protective Order, including retrieving any copies that may have been disclosed to unqualified recipients.

(b)     <u>No Waiver of Privilege</u>.  The disclosure or production of documents, information, or tangible things that a Producing Party claims should not have been disclosed or produced because of the attorney-client privilege, the work product immunity or any other applicable privilege or immunity from discovery shall not be deemed to be a waiver of any such privilege or immunity to which the Producing Party would have been entitled absent such disclosure or production.  The Producing Party reasonably promptly after actually discovering that it has produced material subject to a privilege or immunity shall notify the Receiving Party(ies) of the claim(s) of privilege or immunity from discovery and shall identify the documents, information, or tangible things subject to such claim(s), and request the return or destruction of the documents, information, or tangible things subject to such claim(s). Upon such request by the Producing Party, the Receiving Party shall immediately return or destroy all copies of the documents, information, or tangible things identified in such request and shall not further disclose or use such items or derivatives of those items for any purpose until further order of the Court. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a written challenge to

the Court after returning or destroying all copies of the material pursuant to this paragraph.  This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and is specifically intended to relieve any party or nonparty from demonstrating that it has met the requirements of Federal Rules of Evidence 502(b).

4. <u>Material Not Covered By This Protective Order</u>

No Material shall be deemed CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED if:

(a) It is in the public domain at the time of disclosure;

(b) It becomes part of the public domain as a result of publication not involving a violation of this Protective Order;

(c) The Receiving Party can show it was in the Receiving Party's rightful and lawful possession at the time of disclosure;

(d) The Receiving Party lawfully received it from a nonparty without restriction as to disclosure, provided such nonparty has the right to make the disclosure to the Receiving Party.

Notwithstanding the foregoing, Material that was created in connection with the Intel-Micron Joint Development Agreement may be designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, and/or OUTSIDE COUNSEL RESTRICTED.

5. <u>Challenges to Designations</u>

(a) <u>Written Notice</u>.  The Designating Party shall use reasonable care when designating Material as CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED.  Nothing in this Protective Order shall prevent a Receiving Party from contending that any Material has been improperly designated.  If the Receiving Party disagrees with the designation of any Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge and by identifying the Material as specifically as possible.  The challenge should be made as soon as is practicable following production, and unreasonable delay may be considered a waiver of the challenge if the circumstances so warrant.  If the parties do not resolve the dispute within thirty (30) days of the Designating Party receiving written notice of the challenge, the Receiving Party may file a motion with the Court challenging the designation as invalid as set forth below.

  (b) <u>Meet and Confer</u>.  A Party that elects to challenge a designation must do so in good faith and, in addition to the written notice, must confer directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Material challenged and to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may file a motion challenging the designation only if it has engaged in this meet and confer dialogue first.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with these meet and confer requirements and that sets forth with specificity the justification for the designation that was given by the Designating Party in the meet and confer dialogue.

  (c) <u>Judicial Intervention</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Until the Court rules on the challenge, all parties shall continue to afford the Material in question the level of protection to which it is entitled under the Designating Party's designation.

  6. <u>Inspection of Materials</u>

  Material made available for inspection by Outside Counsel for the Receiving Party shall initially be considered to be OUTSIDE COUNSEL RESTRICTED and subject to this Protective Order even though no formal designation has yet been made.  Thereafter, the Producing Party shall have a reasonable time to review and designate the inspected Material as CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED prior to furnishing copies to the Receiving Party.

  7. <u>Access to CONFIDENTIAL Material</u>

  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, CONFIDENTIAL Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 18 below regarding use of Designated Material at depositions):

  (a) The Court and its personnel.

(b) Outside Counsel for each Party whose functions require access to CONFIDENTIAL Material.

(c) In-House Litigation Counsel for each Party whose functions require access CONFIDENTIAL Material.

(d) Outside Consultants, subject to the provisions and limitations set forth in Section 15 herein.

(e) Employees, officers, and directors of a Receiving Party who have responsibility for maintaining, defending, or evaluating this litigation (and supporting personnel).  This paragraph does not permit any Material subject to the Prosecution Bar of Section 11 below to be shown to any employee, officer, or director.  No CONFIDENTIAL Material shall be disclosed to a Party employee, officer, or director until the individual has signed the Confidentiality Agreement attached hereto as Exhibit A, thereby declaring that he or she has read and understands this Protective Order and agrees to be bound by its provisions.  Such written agreement shall be retained by counsel for the Receiving Party and must be disclosed to the Producing Party within seven (7) days after execution.

(f) Persons who were originally copied on or received the CONFIDENTIAL material provided that they are not given a copy of the CONFIDENTIAL material but are only shown the material in person in a protected environment with counsel and that the person agrees to be bound by the terms of this Protective Order.

8. Access to ATTORNEYS' EYES ONLY Material

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, ATTORNEYS' EYES ONLY Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 18 below regarding use of Designated Material at depositions):

(a) The Court and its personnel.

(b) Outside Counsel for each Party whose functions require access to ATTORNEYS' EYES ONLY Material.

1  (c) In-House Litigation Counsel for each Party whose functions require access to ATTORNEYS' EYES ONLY Material.

(d) Outside Consultants, subject to the provisions and limitations set forth in Section 15 herein.

(e) Persons who were originally copied on or received the ATTORNEYS' EYES ONLY material provided that they are not given a copy of the ATTORNEYS' EYES ONLY material but are only shown the material in person in a protected environment with counsel and that the person agrees to be bound by the terms of this Protective Order.

9. <u>Access to OUTSIDE COUNSEL RESTRICTED Material</u>

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, OUTSIDE COUNSEL RESTRICTED Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 18 below regarding use of Designated Material at depositions):

(a) The Court and its personnel.

(b) Outside Counsel for each Party whose functions require access to OUTSIDE COUNSEL RESTRICTED Material.

(c) Outside Consultants, subject to the provisions and limitations set forth in Section 15 herein.

(d) Persons who were originally copied on or received the OUTSIDE COUNSEL RESTRICTED material provided that they are not given a copy of the OUTSIDE COUNSEL RESTRICTED material but are only shown the material in person in a protected environment with counsel and that the person agrees to be bound by the terms of this Protective Order.

10. <u>Access to Code or Schematics</u>

The parties do not anticipate that this litigation will involve the production of source code or schematics. If it does, the parties will negotiate additional protections for the production of source code or schematics and present a revised Protective Order to the court at that time.

11. <u>Prosecution Bar</u>

Any Material designated CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED is subject to a PROSECUTION BAR. Any person who has access to any such Material from the opposing Party, **except** such persons who (i) were originally copied on or received such Materials as described in Paragraph 7(f), 8(e), and 9(d) and were an authorized recipient of those Materials and/or (ii) persons who may be shown such Material pursuant to Paragraph 18, shall not be **Involved In The Prosecution Of Patents Or Patent Applications** relating to 3DXP or OPTANE™ technology from the time of receipt of such Material through and including one year following the entry of a final, nonappealable judgment or order or the complete settlement of all claims against all parties in this action. In addition, any person subject to this PROSECUTION BAR shall not have any involvement in the prosecution of any patent applications filed, re-examination, or claiming priority from any application filed, prior to one year following the entry of a final nonappealable judgment or order or the complete settlement of all claims against all parties in this action.

12. <u>Access by Professional Vendors</u>

Despite the access restrictions set forth in Sections 7 through 11, but otherwise subject to the requirements set forth in this Protective Order, Designated Material, and such copies as are reasonably necessary for maintaining, defending, or evaluating this litigation, may be furnished and disclosed to Professional Vendors as defined in Definition M. Before disclosing any Designated Material to any person or service described in this paragraph, Outside Counsel for the Receiving Party shall first obtain from such person or service a written Confidentiality Agreement, in the form attached hereto as Exhibit A. Such written agreement shall be retained by Outside Counsel for the Receiving Party, but need not be disclosed to the Producing Party until the conclusion of the case.

13. <u>Transmittal of Designated Material</u>

No ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED Material shall be transmitted or transported outside of the United States, or communicated to any recipient under this agreement who is located outside of the United States, for any purpose without the express written permission of the Producing Party. Nothing in this Protective Order shall prohibit the

transmission or communication of Designated Material between or among qualified recipients: (a) by hand delivery; (b) in sealed envelopes or containers via the mails or an established overnight, freight, delivery, or messenger service; or (c) subject to Section 14 below, by telephone, facsimile, or other electronic transmission system, where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

14. <u>Electronic Accessibility</u>

The Receiving Party shall ensure that Designated Material is not accessible or transmitted over any electronic system or connection (e.g., the Internet, electronic mail) that does not ensure compliance with Sections 7 through 12 of this Protective Order.

15. <u>Disclosure to Outside Consultants</u>

(a) Confidentiality Agreement. An Outside Consultant's access to Designated Material shall be subject to the terms in this section, including the notice-and-objection provisions below, and the requirement that the Outside Consultant execute the Confidentiality Agreement attached hereto as Exhibit A. The Confidentiality Agreement shall be retained by Outside Counsel for the Party that retained the Outside Consultant, but need not be disclosed to any other Party.

(b) Written Notice. Before a Receiving Party may disclose, directly or indirectly, any Designated Material to an Outside Consultant, the Receiving Party must give written notice to the Producing Party of the following information as it relates to the Outside Consultant:

(1) Current curriculum vitae, including the full name of the individual and the city and state of his or her primary residence;

(2) Business address and title;

(3) Nature of business or profession;

(4) Any previous or current relationship (personal or professional) with any of the parties;

(5) A listing of other actions (including case name, case number, and court/agency) in which the individual has testified (at trial, deposition or in a hearing);

(6) The individual's current employer;

    (7) All companies for which the individual has consulted or been employed by, within the past five years, and the years of such consulting or employment;

    (8) A listing of all papers or articles written by the individual; and

    (9) Whether the individual is involved in or anticipates involvement in any aspect of prosecuting patent applications relating to 3DXP or OPTANE™ technology.

  (c) Objection.  A Party that makes a written notice and provides the information specified the preceding paragraph may disclose the Designated Material to the identified Outside Consultant unless, within seven (7) business days of the written notice (plus three (3) additional business days if notice is given other than by hand delivery, email, or facsimile transmission), the Producing Party objects in writing.

  (d) Judicial Intervention.  If an objection is made, the parties shall meet and confer to try to resolve the dispute by agreement.  If no agreement is reached, the objecting Party may move the Court for an order that access to CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED Material be denied the designated individual, or other appropriate relief.  Unless and until the Court determines otherwise, no disclosure of any such Designated Material shall be made by the Receiving Party to any Outside Consultant to whom an objection has been made.

  16. <u>Exceptions to Limitations on Disclosure</u>

  Nothing herein shall prevent disclosure of Designated Material:  (a) by the Producing Party to anyone else; or (b) by the Receiving Party to an officer or employee of the Producing Party.

  17. <u>Filing under Seal</u>

  All transcripts, exhibits, discovery responses, pleadings, briefs, and other Material submitted to the Court that contain or disclose Designated Material shall be filed in a sealed envelope or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL—FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER," and a statement substantially in the following form:  "This envelope contains confidential information filed in this case by (name of Party) and is not to be opened nor the contents thereof displayed or

1   revealed except by order of the Court presiding over this matter."  In addition, the first page of any
2   Material filed under seal shall include the conspicuous legend:  "CONFIDENTIAL—FILED
3   UNDER SEAL PURSUANT TO PROTECTIVE ORDER."

4       If any person fails to file protected Material under seal, the Producing Party or any Party
5   claiming confidentiality for the Material may request that the Court place the filing under seal.

6       18.    <u>Use at Depositions</u>

7       (a)    Except as otherwise ordered by the Court, any deposition or trial witness may be
8   examined and may testify concerning Designated Material of which such person has prior
9   knowledge.  Without in any way limiting the generality of the foregoing:

10           (1)    A present director, officer, and/or employee of a Producing Party may be
11   examined and may testify concerning all Designated Material that has been produced by that
12   Party.

13           (2)    A former director, officer, and/or employee of a Producing Party may be
14   interviewed, examined, and may testify concerning all Designated Material of which such person
15   has prior knowledge (not involving a violation of this Protective Order), including any such
16   Material that refers to matters of which the witness has personal knowledge, which has been
17   produced by that Party, and which pertains to the time period or periods of such witness's
18   employment or service.

19           (3)    Non-parties may be examined or testify concerning any document
20   containing Designated Material that appears on its face or from other documents or testimony to
21   have been received from, or communicated to, the nonparty as a result of any contact or
22   relationship with the Producing Party.  Any person other than the witness, his or her counsel, and
23   any person qualified to receive Designated Material under this Protective Order shall be excluded
24   from the portion of the examination concerning such Material, absent the consent of the Producing
25   Party.  If the witness is represented by an attorney who is not qualified under this Protective Order
26   to receive Designated Material, then prior to the examination, the attorney shall provide a signed
27   Confidentiality Agreement, in the form attached hereto as Exhibit A, declaring that he or she will
28   comply with the terms of this Protective Order and maintain the confidentiality of Designated

Material disclosed during the course of the examination. If such attorney declines to sign such a Confidentiality Agreement before the examination, the parties, by their counsel, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

(b)   In addition to the restrictions set forth in this Protective Order, the following shall apply to Designated Material used at a deposition:

(1)   A witness who previously had access to Designated Material, but who is not under a present nondisclosure agreement with the Producing Party that applies to the Designated Material, may be shown the Designated Material if a copy of this Protective Order is attached to any subpoena, notice, or request served on the witness for the deposition, and the witness is advised on the deposition record of the existence of the Protective Order and agrees to its requirements to keep confidential any questions, testimony, or documents that in any way relate to or constitute Designated Material.

(2)   Witnesses may not retain copies of any Designated Material used or reviewed at a deposition. A witness may not take out of the deposition room any exhibit that is marked CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED. The Producing Party of any Designated Material used at a deposition may also require that the transcript and exhibits not be copied by the witness or his or her counsel and that the transcript and exhibits may only be reviewed by the witness in the offices of Outside Counsel representing a Party in this case (or another firm acting for Outside Counsel representing a Party in this case under the supervision of one of the lawyers bound by the terms of the Protective Order).

19.   <u>Stipulations or Additional Relief from the Court</u>

The parties may, by stipulation, provide for exceptions to this Protective Order. Nothing in this Protective Order shall be deemed to preclude any party or non-party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Material or relief from this Protective Order with respect to particular Designated Material.

20.   <u>Return of Designated Material</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after a final, nonappealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each Receiving Party must return all Designated Material to the Producing Party. As used in this section "Designated Material" includes Designated Material and any derivatives therefrom, including, but not limited to, all copies, abstracts, compilations, summaries, notes, or any other form of reproducing, referring to, or capturing any portion of the Designated Material. The Receiving Party's obligation to return Designated Material received from another Party extends to Designated Material the Receiving Party disclosed to others pursuant to this Protective Order. With written permission from the Producing Party, the Receiving Party may destroy some or all of the Designated Material instead of returning it. Whether the Designated Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Designated Material that was returned or destroyed and that affirms that neither the Receiving Party nor others to which the Receiving Party disclosed Designated Material has retained any Designated Material (or otherwise identifies any person or entity that has failed to return or destroy such Designated Material). Notwithstanding this section, counsel are entitled to retain an archival copy of all pleadings, motion papers (including all supporting and opposing papers and exhibits and declarations thereto), transcripts, legal memoranda, correspondence, briefs (including all supporting and opposing papers and exhibits and declarations thereto), written discovery requests and responses, exhibits offered or introduced into evidence at trial, or attorney work product. Any such archival copies remain subject to this Protective Order as set for in Section 22.

21. <u>Injunctive Relief</u>

The parties acknowledge that any breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Protective Order, the parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and if the aggrieved Party does so, any respondent who is subject to the provisions of

this Protective Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

22. <u>Survival of Order</u>

The terms of this Protective Order shall survive the final termination of this action to the extent that any Designated Material is not or does not become known to the public.  This Court shall retain jurisdiction over this action for the purpose of enforcing this Protective Order.  The parties agree that any order of dismissal of the Action as to any or all parties shall include specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal.  Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

23. <u>Treatment Prior to Entry of Order</u>

Each Party agrees to be bound by the terms of this Protective Order as of the date it executed the Order below, even if prior to entry of the Order by the Court.

24. <u>Protected Material Subpoenaed or Ordered Produced In Other Litigation</u>

If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, the Receiving Party must so notify the Producing (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or email) promptly and in no event more than ten (10) days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is subject to this Protective Order.  In addition, the Receiving Party must deliver a copy of this [Stipulated] Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing or Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

DATED: March ___, 2019

HON. ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Submitted by:

DATED: March 19, 2019          MUNGER, TOLLES & OLSON LLP


By: _____*/s/ Carolyn Hoecker Luedtke*_____
CAROLYN HOECKER LUEDTKE
Attorneys for Plaintiff Intel Corporation

DATED: March 19, 2019          ALTO LITIGATION, PC


By: _____*/s/ Daniel Sakaguchi*_____
DANIEL SAKAGUCHI
Attorneys for Defendant Doyle Rivers


### ECF ATTESTATION

I, Carolyn Hoecker Luedtke, am the ECF user whose account is being used to file this document. In accordance with Civil Local Rule 5-1(i)(2), I attest that concurrence in the filing of this document has been obtained from all signatories.

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER

I, _____, state:

1. I reside at _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I agree to keep confidential all information and material provided to me in the matter of *Intel Corporation v. Doyle Rivers, et al.*, Case No. 2:18-cv-03061-MCE-AC, United States District Court for the Eastern District of California, and to be subject to the authority of the United States District Court for the Eastern District of California in the event of any violation of this agreement or dispute related to this agreement.

5. I have been informed of and/or read the Protective Order dated _____, 2019, and understand and will abide by its contents and confidentiality requirements. I will not divulge any confidential information or material to persons other than those specifically authorized by the Protective Order. I will not use any confidential information or material in any manner not expressly allowed by the Protective Order.

6. I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 2019,

at _____, _____.


_____
Signature

41128642.1

-1-

Case No. 2:18-cv-03061-MCE-AC

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER