James Kachmar, State Bar No. 216781
**weintraub tobin** chediak coleman grodin
law corporation
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone:   916/558.6000
Facsimile:    916/446.1611

Attorneys for Defendant/Counterclaimant
DOYLE RIVERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| INTEL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>DOYLE RIVERS, an individual, and DOES 1 through 10, inclusive,<br><br>    Defendants.<br><br>AND RELATED CROSS ACTION | Case No. 2:18-cv-03061-MCE-AC<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM<br><br>Date:   December 5, 2019<br>Time:   2:00 p.m.<br>Courtroom:   7<br>Judge: Hon. Morrison C. England, Jr.<br><br>Action Filed: November 27, 2018<br>Trial Date:  N/A |

Defendant/Counterclaimant Doyle Rivers ("Rivers") submits this brief in opposition to Counterdefendant Intel Corporation's ("Intel") Motion to Dismiss First Amended Counterclaim (Dckt. #82) as follows:

## I.   INTRODUCTION

Intel seeks to dismiss Rivers' First Amended Counterclaim ("FACC") that arises out of Intel's use of illegal nonsolicitation provisions in violation of California law in its employment agreements with its employees such as Rivers. Intel did not merely threaten to sue Rivers, but actually sued him claiming that he violated the illegal nonsolicitation provision.  Rather than

bring certainty to the parties' respective positions by acknowledging that its use and attempt to enforce the illegal nonsolicitation provision is unlawful, Intel chose to amend its complaint rather than dismiss with prejudice its claim alleging Rivers breached the illegal nonsolicitation provision. That is, Intel made the strategic decision to reserve the right to sue Rivers again with regard to the illegal nonsolicitation provision like it already has.

Rivers' FACC does not present merely "hypothetical" or "speculative" claims with regard to Intel's unlawful conduct with regard to the illegal nonsolicitation provision. The Court need only look at Intel's actions that are alleged in the FACC as well as representations Intel made to the Court just a few months ago. This review leads to the only conclusion that not only does an actual controversy exist, but Rivers and other Intel employees remain at risk of Intel's illegal conduct with regard to its use and attempts to enforce the illegal nonsolicitation provision.

As discussed below, the facts demonstrate that Rivers has sufficiently alleged causes of action for declaratory relief and for violation of California Business & Professions Code section 17200 by Intel (see discussion, *infra*, §III.A-III.B). Even the cases cited in Intel's Motion demonstrate that it would be improper for the Court to grant it. (See discussion, *infra*, §III.C.) Rivers respectfully requests the Court to deny Intel's motion to dismiss.

## II.   STATEMENT OF FACTS

### A.   Intel's Use of an Illegal Nonsolicitation Provision as a Condition of Employment.

As Intel recognizes, the Court is required to accept as true the allegations of material fact contained in the FACC. While Intel's motion spends a lot of time discussing its own claims against Rivers, it conveniently ignores the material facts set forth in the FACC. Intel's choice not to bring these material facts to the Court's attention in its Motion is understandable.

In September 2010, when Rivers was hired at Intel, he was told that he had to sign the Employment Agreement attached as Exhibit A to the FACC. (See FACC, ¶ 6.) That Agreement makes clear that his agreement to all of the provisions set forth therein was required "in exchange for being employed by Intel Corporation or any of its subsidiaries, affiliates or successors." (*Id.*; see also, Exh. A to FACC.) Intel and Rivers signed the subject Employment Agreement on or about September 18, 2010. (*Id.*)

{2767351.DOC;}   2   Defendant's Opposition to Plaintiff's Motion to Dismiss First Amended Counterclaim

Section 6 of the Employment Agreement that Rivers was required to agree to as a condition of his beginning employment with Intel provides:

"**Nonsolicitation.** I agree that for twelve months after my employment ends I will not solicit directly or indirectly any employee to leave his/her employment with Intel. This includes identifying Intel employees or providing employee compensation or skill information to any third party. I agree that any violation of this provision will result in immediate and irreparable injuries and harm to Intel and that Intel shall have the option of pursuing all available legal or equitable remedies including injunctive relief and specific performance."
(See FACC, ¶7 and Exh. A thereto.)

Intel required, and continues to require, its California employees to sign the same or similar employment agreements containing language that is identical or similar to the language in the nonsolicitation provision above. (FACC, ¶ 8.) Intel's Motion does not dispute any of the above facts.

**B.  Intel Sues Rivers Alleging Breach of the Illegal Nonsolicitation Provision; Intel Deliberately Chose Not to Dismiss This Claim with Prejudice.**

Following the termination of Rivers' employment with Intel, Intel sued Rivers claiming, among other things, that he was in breach of the illegal nonsolicitation provision. (See FACC, ¶¶ 15-23.) Intel's original complaint against Rivers, filed a year ago, made numerous allegations against Rivers that he was in breach of the illegal nonsolicitation provision in his employment agreement. (See FACC, ¶¶ 16-23.) Intel's Motion does not dispute that it sued Rivers to enforce an illegal nonsolicitation provision.

On January 4, 2019, Rivers filed a motion to dismiss Intel's complaint seeking to dismiss, among other things, the second cause of action in the complaint that alleged he had breached the illegal nonsolicitation provision. (See FACC, ¶ 24.) In that motion, Rivers argued that the nonsolicitation provision in his employment agreement was illegal and unenforceable under California law. (See Rivers' Motion to Dismiss, Dckt. #18 at pp. 15-17.)

Intel opposed Rivers' Motion to Dismiss and argued just a few months ago that the nonsolicitation provision it required Rivers to sign as a condition of his employment "was valid

under California law and enforceable as to Rivers." (FACC, ¶ 26.) The Court need not take Rivers' word for this. Intel made specific representations to this Court claiming it believed the illegal nonsolicitation provision to be valid: "Rivers does not deny that Intel adequately alleges a claim for breach of his nonsolicitation agreement but instead argues it is void. **Not so.**" (See Intel's Opposition to Defendant's Motion to Dismiss, Dckt. 26, at 14:12-13 *emphasis added;* see also, *Id*. at 14-17 [detailing Intel's claim that its use and attempt to enforce the illegal nonsolicitation provision against Rivers was somehow lawful].) For whatever reason, Intel's Motion fails to inform the Court that it was urging this Court to allow it to proceed against Rivers in seeking to enforce the illegal nonsolicitation provision just a few months ago.

On June 10, 2019, after obtaining leave of Court, Intel filed its First Amended Complaint in this matter. (FACC, ¶ 27.) After representing to this Court weeks earlier that its use of the nonsolicitation provision was lawful, the First Amended Complaint omitted a claim for breach of that provision. (See FACC, ¶ 28; see also Intel's First Amended Complaint, Dckt. #53.) That is, less than six months ago, Intel made the strategic decision not to dismiss its claim for breach of the nonsolicitation provision with prejudice allowing it to retain the right to sue Rivers again in this action or another action for violation of the illegal nonsolicitation provision. (FACC, ¶ 28.) Intel's Motion does not dispute this either.

Given the above showing that Intel: (1) used and continues to use illegal nonsolicitation provisions with Rivers and its California employees; (2) sued Rivers for breach of the illegal nonsolicitation provision and represented to this Court just months ago that it was entitled to do so; and (3) decided not to dismiss that claim with prejudice thereby retaining the right to sue Rivers again for breach of the illegal nonsolicitation provision demonstrates more than sufficient facts to state a claim for declaratory relief as well as a violation of section 17200 by Intel. Rivers respectfully requests the Court to deny Intel's Motion.

### III. LEGAL AND AUTHORITIES AND ARGUMENT

#### A. Intel's Motion to Dismiss Should be Denied.

Although Intel's Motion does not cite any cases from the Eastern District, this Court has previously held, "on a motion to dismiss for failure to state a claim under [FRCP 12(b)(6)], all

allegations of material fact must be accepted as true and construed in the light most favorable to the non-moving party." *Kratz Aerial Ag. Serv. v. Slykerman,* 2016 US Dist. Lexis 36463 at *6 (E.D. Cal. Mar. 21, 2016), citation omitted.  This Court has also recognized that "a pleading need contain "only enough facts to state a claim to relief that is plausible on its face." *Sacramento EDM, Inc. v. Hines Aviation Industries,* 965 F.Supp.2d 1141, 1149, (E.D. Cal. 2013), citation omitted.  This Court has also concluded that factual allegations only "must be enough to raise a right to relief above the speculative level" and that a "well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely'."  *Habtameriam v. Vida Capital Group, LLC*, 2017 US Dist. Lexis 2930 at *5-6, (E.D. Cal. Feb. 13, 2017), citations omitted.

In *Kratz Aerial Ag. Services,* a counterdefendant moved to dismiss the counterclaimant's claim for declaratory relief arising out of the parties' respective rights under a written contract. In denying the motion to dismiss, this Court held that "a complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the Court."  *Kratz Aerial Ag. Serv., supra*, 2016 US Dist. Lexis, 36463 at *11.  This Court continued that declaratory relief would be allowed to be pursued even though there was "the availability of other adequate remedies" that could affect the need for declaratory relief.  *Id.* at *12.  Thus, this Court properly denied the motion to dismiss the declaratory relief claim in the *Kratz Aerial* matter.

In *Sacramento EDM, Inc.*, this Court likewise denied a motion to dismiss a claim for declaratory relief holding that: "Declaratory relief is appropriate where the judgment will 'serve a useful purpose in clarifying and settling the legal relations in issue, and … will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding.'" 965 F.Supp.2d at 1155, citation omitted.

Finally, in *Habtemariam, supra*, this Court denied the defendant's motion to dismiss plaintiff's claim for a section 17200 violation.  There, Plaintiff had been the victim of a foreclosure sale and claimed that PNC, even though it was not involved in the foreclosure sale,

had engaged in wrongful conduct that had exposed her to harm. 2017 U.S. Dist. LEXIS 2930 at *15. This Court allowed her to pursue that claim. These cases are no different than this one where Intel's wrongful conduct in using and attempting to enforce an illegal nonsolicitation provision against Rivers has caused harm to Rivers. Thus, Rivers has pled claims for declaratory relief and violation of section 17200 and Intel's Motion should be denied.

### B. Declaratory Relief and Section 17200 Claims Have Been Repeatedly Recognized as Appropriate Vehicles to Challenge Illegal Non-Compete/Nonsolicitation Provisions Such As the One Intel Uses Here.

For whatever reason, Intel's Motion fails to discuss, or even acknowledge, the numerous cases that make clear that not only are non-solicitation provisions, such as the one at issue here, illegal under California law, but that claims for section 17200 violations and declaratory relief are proper vehicles for vindicating the rights of employees rights who are subject to them, such as Rivers here. In *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, 28 Cal.App.5th 923 (2018), a California court concluded that a non-solicitation provisions such as the one at issue here was an illegal restraint on an employee's profession in violation of section 16600 of the Business and Professions Code. That Court rejected the very arguments that Intel asserted before this Court just months ago in alleging that it could properly pursue a claim for breach of the illegal nonsolicitation provision against Rivers. There, the Court held that a provision that prevented employees from soliciting their former coworkers for a period of time after their employment ended, such as what Intel has done here, was illegal and void under California law. See 28 Cal.App.5th at 935-939. The Court granted summary judgment to the defendant employees on their cross-complaint for declaratory relief and unfair competition as a result of the former employer's use and attempt to enforce the illegal nonsolicitation provisions. *Id*. at 950-952.

Likewise, in *Barker v. Insight Global, LLC*, 2019 U.S. Dist. LEXIS 6523 (N.D. Cal. Jan. 11, 2019), the district court initially granted the defendant-employer's motion to dismiss claims for declaratory relief and violation of section 17200 that arose from the employer's use of an illegal nonsolicitation provision with its former employee. After reviewing the well-reasoned opinion in the *AMN Healthcare* case, the federal district court granted a motion for

reconsideration and held that the plaintiff-former employee could pursue claims for declaratory relief and section 17200 violations, such as Rivers is doing here, as a result of the defendant-former employer's use of the illegal nonsolicitation provision.  2019 U.S. Dist. LEXIS 6523, at *5-9.

In *Freeman Expositions, Inc. v. Global Experience Specialist, Inc.*, 2017 U.S. Dist. LEXIS 62087 (C.D. Cal. Apr. 24, 2017), the Court granted judgment to plaintiff who brought an action alleging, among other things, declaratory relief with regard to its employees having to sign an illegal noncompete with their former employer. In granting judgment to the plaintiff on behalf of the employees' subject to the illegal noncompete, the Court recognized, "a declaratory judgment specifying the applicability and enforceability of the noncompete agreement … will serve a useful purpose by clarifying and settling the legal relations at issue in this case" because the plaintiff was at risk of a possible lawsuit should it employ the employees subject to the illegal noncompete agreement.  2017 U.S. Dist. LEXIS 62087 at *20-22; see also *Applied Materials, Inc. v. Advanced Microfabrication Equipment Shanghai Co.*, 630 F.Supp.2d. 1084, 1091-1092 (N.D. Cal. 2009) [granting counterclaimants summary judgment on their claims for declaratory relief and violation of section 17200 as a result of counterdefendant's use of an illegal noncompete provision].

It is troubling that Intel's Motion chooses to ignore all of this legal authority from California and Federal District Courts within California that have held that not only are nonsolicitation and non-compete provisions illegal, such as the one at issue here, but that declaratory relief and section 17200 claims are proper vehicles to vindicate the rights of employees, such as Rivers, who are subjected to them by employers like Intel.

**C.    The Cases Cited In Intel's Motion Show that it Should be Denied.**

For whatever reason, Intel's Motion fails to cite a single case that involved an illegal nonsolicitation provision like the one at issue here.  Intel's decision to omit discussion of the above case law must have been deliberate.  Even the cases Intel decided to cite in its Motion show that the motion must be denied.

For instance, a number of cases cited by Intel regarding declaratory relief demonstrate

weintraub tobin chediak coleman grodin
law corporation

that its Motion should be denied. In *Communities for a Better Environment v. State Energy Resources Conservation and Development Commission,* 19 Cal.App.5th 725 (2017), the trial court sustained demurrers as to the claim for declaratory relief on the ground that there was no "actual controversy."  In <u>reversing</u> the dismissal of the declaratory relief claim, the appellate court recognized that "unripe cases are those 'in which parties seek a judicial declaration on a question of law though no actual dispute or controversy <u>ever existed</u> between them requiring the declaration for its determination.'"  19 Cal.App.5th at 733, citation omitted.  The court held that it was improper to dismiss the declaratory relief claim on this ground because "the consequence of a deferred decision" would be "lingering uncertainty." *Id.* at 739.  Here, Intel cannot plausibly claim that no actual dispute or controversy has "ever existed" with Rivers over the illegal nonsolicitation provision given that Intel sued him over it and decided not to dismiss that claim with prejudice.

Likewise, in *Tashakori v. Lakis*, the Court affirmed judgment to plaintiff on its declaratory relief claim regarding the existence of an easement between adjoining property owners.  After recognizing that "declaratory relief is not available unless there is a real dispute between parties 'involving judiciable questions relating to their rights and obligations,'" the *Tashakori* Court held that declaratory relief was proper because "the threat of a lawsuit can satisfy the actual controversy requirement for a declaratory relief action."  *Id.* at 1012-1013.  Here, like in *Tashakori*, not only has Intel threatened a lawsuit to enforce the illegal nonsolicitation provision, it actually sued Rivers for breaching that provision and did not dismiss that claim with prejudice allowing it to sue him again in the future on it.

In *Artus v. Grammercy Towers Condominium Assoc.*, 19 Cal.App.5th 923 (2018), the Court held that judgment was properly denied to plaintiff on her declaratory relief claim despite having previously been granted a preliminary injunction.  The Court found that as a matter of law, the subject HOA bylaws did not violate California law and therefore there was no ongoing threat "to continue operating under any allegedly unlawful rule or practice."  19 Cal.App.5th at 932.  That is not the case here where Intel's use and attempt to enforce the nonsolicitation provision was clearly in violation of California law set forth in section 16600.  Many of the

other cases cited by Intel likewise warrant the denial of its Motion. See *Burke v. City of San Francisco*, 258 Cal.App.2d 32, 33-34 (1968) [affirming the sustaining of a demurrer to a declaratory relief claim against the new city assessor in which there was no allegation that the new assessor would continue the illegal conduct or activities of his predecessor]; *Wilson & Wilson v. City Council of Redwood City*, 191 Cal.App.4th 1559 (2011) [reversing the granting of judgment on plaintiff's declaratory relief action against the City because there was no evidence that the City "has taken [any] steps to acquire Wilson's property and indeed it may never do so]; *Environmental Defense Project of Sierra County v. County of Sierra*, 158 Cal.App.4th 877, 886-887 (2008 [affirming judgment to plaintiff on their declaratory relief action when there was evidence that the County had no intention of bringing its conduct into compliance with California law].

Here, the Court is not being asked to speculate on hypothetical facts as to a potential dispute between Intel and Rives with regard to the illegal nonsolicitation provision.  As Rivers sufficiently alleges in the FACC, (1) Intel used, and continues to use, an employment agreement with an illegal nonsolicitation provision; (2) Intel sued Rivers for allegedly violating that illegal nonsolicitation provision and decided not to dismiss that claim with prejudice; and (3) given Intel's actions and past representations to this Court, Rivers remains at risk of Intel suing him again in this case or in another forum alleging breach of the illegal nonsolicitation provision.  Thus, there is an actual controversy and declaratory relief is appropriate.[1]

Likewise, the cases Intel cites involving section 17200 also do not support its position. *With regard to People Ex. Rel. Herrera v. Stinder*, 212 Cal.App.4th 614 (2012), Intel fails to recognize that the appeal arose out of the issuance of a preliminary injunction and not a

---

[1] Intel attempts to mislead the Court by claiming that Rivers is not plausibly at risk of future lawsuits because "the nonsolicitation provision facially applies to Rivers for only the first 12 months after the end of his employment with Intel."  See Motion to Dismiss at p. 9, lns. 14-17.  While the illegal nonsolicitation period was for a 12-month period following the end of Rivers' employment with Intel, Intel's position is wrong. Intel fails to recognize, or chooses not to, that the statute of limitations for a breach of a written contract is four-years under California law. Cal. Code Civ. Proc. § 337. Thus, contrary to Intel's position, Rivers remains at risk of claims alleging breach of the illegal nonsolicitation provision during the 12-month period all the way until **September 10, 2023**.  That is, Rivers faces another 46 months of uncertainty with regard to his rights and the threats he faces as a result of Intel's unlawful use of the illegal nonsolicitation provision in his employment agreement.

motion to dismiss under §17200, which the Court ended up affirming. That is, the Court not only allowed the claim to go forward, it granted judgment to the plaintiff. Likewise, with regard to *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115 (9th Cir. 1999) and *Makaev v Trump University, LLC*, 145 F.Supp.3d 962 (S.D. Cal 2015), Intel fails to recognize that both of these cases involved motions for summary judgment and/or preliminary injunction, not motions to dismiss. In both cases, the defendant provided evidence after the pleading stage that established they had ceased the wrongdoing that was complained of thereby rendering injunctive relief unnecessary. See *Sun Microsystems, Inc.*, *supra.*, 188 F.3d at 1123 [recognizing that Microsoft "had discontinued these practices and Sun had made no showing that they were likely to recur"]; *Makaev, supra.*, 145 F.Supp.3d at 971 [recognizing that defendant on summary judgment had provided undisputed evidence that it "has discontinued its allegedly wrongful conduct" and had ceased enrolling students and changed its name to make clear it was no longer a university].

Here, Intel offers no facts or argument that it has discontinued the use of the illegal nonsolicitation provision that is the subject of Rivers' section 17200 claim. Furthermore, as discussed above, Intel chose not to dismiss with prejudice its claim against Rivers for allegedly breaching the illegal nonsolicitation provision, thus reserving the right to sue Rivers again for breaching that provision in this Court or another court. Rivers has adequately alleged facts to state a claim for violation of section 17200 with regard to Intel's use and attempts to enforce an illegal nonsolicitation provision against its employees, such as Rivers.

## IV.  CONCLUSION

Based on the foregoing, Rivers respectfully requests the Court to deny Intel's motion to dismiss.

Respectfully submitted,

Dated:  November 21, 2019        **weintraub tobin** chediak coleman grodin
LAW CORPORATION

By:     /s/ - James Kachmar
          James Kachmar

Attorneys for Defendant/Counterclaimant
DOYLE RIVERS