GREGORY P. STONE (State Bar No. 78329)
gregory.stone@mto.com
JEREMY K. BEECHER (State Bar No. 301272)
Jeremy.beecher@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
carolyn.luedtke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Plaintiff Intel Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| INTEL CORPORATION,<br><br>　　　　　Plaintiff and Counter-<br>　　　　　defendant,<br><br>　　vs.<br><br>DOYLE RIVERS, an individual, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendant and<br>　　　　　Counterclaimant. | Case No. 2:18-cv-03061-MCE-AC<br><br>**Intel Corporation's Reply in Support of Motion to Dismiss First Amended Counterclaim**<br><br>Judge:　Hon. Morrison C. England, Jr.<br>Date:　　December 5, 2019<br>Time:　　2:00 p.m.<br>Crtrm.:　7 |

## I. INTRODUCTION

Once again, Defendant Doyle Rivers' silence is telling. In apparent recognition that the real-world facts do not support his claim that there is a live controversy between himself and Intel regarding his breach of his non-solicitation agreement, Rivers now invents out of whole cloth a story that Intel "made the strategic decision not to dismiss its claim for breach of the non-solicitation provision with prejudice allowing it to retain the right to sue Rivers again in this action or another action for violation of the illegal non-solicitation provision." But Rivers' newly concocted theory that Intel dismissed its claim in order to bring it is facially implausible and devoid of factual support. The facts, about which Rivers is silent, confirm that there is no controversy between the parties regarding the non-solicitation provision:

- Intel is not asserting a claim against Rivers for breach of his non-solicitation agreement;

- Intel sought the Court's leave—which Rivers did *not* oppose—to dismiss that claim from this lawsuit;

- Intel cannot sue Rivers again in this action for breach of his non-solicitation agreement without the Court's leave, which the Court is unlikely to (and should not) grant given Intel's prior dismissal of that claim and that fact discovery has now closed;

- Intel cannot sue Rivers in a *different* action for breach of his non-solicitation agreement because any such claim would be barred by the doctrine of issue preclusion;

- Intel cannot sue Rivers in the future for conduct unrelated to this action because the non-solicitation agreement's one-year term has expired;

- Intel offered to dismiss with prejudice its claim for Rivers' breach of his non-solicitation agreement in exchange for Rivers withdrawing his counterclaims—the very relief he seeks—but Rivers declined.

Intel does not plan to, and indeed cannot, pursue its non-solicitation claim against Rivers in the future, in this action or some other one.

In sum, Rivers' non-solicitation provision is no longer an issue between the parties, and his argument that the Court's time and effort is needed to adjudicate the merits of a claim that Intel long ago abandoned is self-evidently wrong. Indeed, because Rivers has rejected the same

1  relief he seeks through his counterclaim, his reason for trying to maintain the claim appears to be
2  for another purpose—to harass Intel and add avoidable burden to respond to his claim and related
3  discovery.  The Court should dismiss Rivers' First Amended Counterclaim with prejudice and
4  require him to litigate Intel's claims without further spurious excuses.[1]

## II. RIVERS' UCL CLAIM MUST BE DISMISSED FOR LACK OF REMEDY

Rivers does not dispute that if he is not entitled to any remedy under the Unfair Competition Law ("UCL"), then his UCL claim must be dismissed.  Nor does Rivers dispute that, as a private plaintiff, he is limited to two remedies under the UCL:  restitution and injunctive relief.  Mot. at 7-8.  Rivers does not allege that he is entitled to restitution.  That leaves only injunctive relief.  But in his opposition brief, Rivers fails to point to any facts in the First Amended Counterclaim that, taken as true, would establish a claim for injunctive relief.  Accordingly, his UCL claim must be dismissed.

It is well settled, and Rivers does not dispute, that a plaintiff is not entitled to an injunction under the UCL "unless he shows that the conduct will *probably* recur."  *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1123 (9th Cir. 1999) (applying California law), *overruled on other as recognized in Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 979 (9th Cir. 2011); *see also Palo Alto-Menlo Park Yellow Cab Co. v. Santa Clara County Transit Dist.,* 65 Cal. App. 3d 121, 132 (1976) (injunctive relief inappropriate when defendant voluntarily discontinues wrongful conduct and in the absence of evidence that the past wrongs will probably recur); *see also People v. Toomey,* 157 Cal. App. 3d 1, 20 (1984) (injunctive relief under section 17203 cannot be used to enjoin an event that has already transpired without showing of continuing

---

[1] The Court will recall that Intel presented evidence in its motion for a preliminary injunction that Rivers downloaded a spreadsheet containing confidential information regarding *thousands* of Intel employees, and this was the subject of the Court's inquiry of Rivers at the February 7, 2019 hearing.  *See* Hearing Tr. at 11:16-21 ("THE COURT: . . . Why did your client take a thumb drive and download this information? . . . If you tell me because he wanted to send goodbye letters or emails to people, that's ridiculous. Okay.  I mean, the court is not stupid here.").  Rivers has now admitted to taking this document and more, and Rivers has admitted to destroying evidence to cover up his wrongdoing.  Intel intends to move for summary judgment on Rivers' liability and for sanctions for destruction of evidence.

or threatened future harm); *Cal. Serv. Station & Auto. Repair Ass'n v. Union Oil Co.*, 232 Cal. App. 3d 44, 57 (1991) (California law is clear that "[i]njunctive relief will be denied if, at the time of the order of judgment, there is no reasonable probability that the past acts complained of will recur.").

Rivers fails to offer any non-conclusory factual allegation that, taken as true, demonstrates that Intel will *probably* sue him for breach of the non-solicitation provision in the future. *Sun Microsystems*, 188 F.3d at 1123.[2] Instead, Rivers simply makes the conclusory assertion, unsupported by specific facts, that Intel "made the strategic decision not to dismiss its claim for breach of the non-solicitation provision with prejudice allowing it to retain the right to sue Rivers again in this action or another action for violation of the illegal non-solicitation provision." Opp. at 4. But in light of Intel's dismissal of that claim from this case and the numerous roadblocks to Intel re-asserting it again, discussed above, this allegation falls far short of *Iqbal*'s "facial plausibility" standard. For example, Rivers' opposition is silent in response to Intel's point that claim preclusion would limit it from bringing future claims. Mot. at 9, 11. Rivers' opposition is also silent as to Intel's point that raising a non-solicitation claim against Rivers now would require Rivers' consent or the Court's leave, neither of which are likely to be given. Mot. at 10-11. And Rivers ignores altogether the fact that Intel offered to dismiss the non-solicitation claim with prejudice if Rivers would dismiss his counterclaim—offering to give him the exact relief he is seeking through this counterclaim. Mot. at 9. Rivers' allegation that Intel plans in the future to enforce the non-solicitation provision is not plausible, and he certainly does not meet the requirement of pleading that Intel will *probably*, or is *likely* to, bring such a claim against Rivers in the future. Accordingly, Rivers cannot rely on this allegation to support a right to injunctive relief.

---

[2] Rivers' attempt to distinguish *Sun Microsystems* and other cases on the grounds that they arose on preliminary injunction or summary judgment is not well taken. Opp. at 9-10. It is true that the courts in those cases had an evidentiary record before them, rather than mere factual allegations. But that context does nothing to affect their articulation of the legal standard that Rivers must meet to obtain injunctive relief under the UCL.

Instead of addressing the deficiencies in the remedy he seeks for the UCL claim, Rivers points to cases with different facts to make the blended argument that UCL and declaratory judgment claims are the proper vehicle for disputes like his.  *See* Opp. at 4-5.  These cases do *nothing* to address his failure to plead a proper remedy under the UCL.   In *AMN Healthcare*, the plaintiff employer sued the defendant employer and its nursing workers on various grounds, including breach of a non-solicitation provision, and the defendants counterclaimed for declaratory relief.  *AMN Healthcare, Inc. v. Aya Healthcare Serv., Inc.*, 28 Cal. App. 5th 923, 952 (2018).[3] Both sides litigated the issue through to summary judgment, with the employer continuing to assert the employees' liability under the non-solicitation provision at that time.  *Id*.  The Court of Appeal affirmed the trial court's issuance of an injunction against further attempts to enforce the non-solicitation provision, given that the plaintiff employer was actively attempting to impose liability on the individual defendants in that same case and continued to send cease and desist letters to other, non-party employees throughout the time of the litigation.  *Id.*  Needless to say, Rivers has alleged no such facts here.  *AMN* bears no resemblance to this case, given that Intel long ago dismissed the claim at issue, has disclaimed any intent to pursue it in the future, and offered to formally dismiss it with prejudice.  Further, Rivers alleges no facts (as opposed to conclusory assertions) that, if true, show Intel is taking any steps to enforce non-solicitation agreements against others, and certainly no facts as seen in *AMN* that Intel is sending cease and desist letters to other employees throughout the time of the litigation.

For similar reasons, Rivers' inability to establish an entitlement to injunctive relief under the UCL also establishes his lack of entitlement to such relief under Article III.  As the counterclaimant, Rivers bears the burden of establishing standing for prospective injunctive relief

---

[3] *Barker*, on which Rivers also purportedly relies to support his contention that he may pursue a UCL claim, is simply inapposite.  Opp. at 4-5.  There, the issue before the District Court was whether the California Court of Appeal's decision in *AMN* constituted a "material change in law" such that a motion for reconsideration was proper.  *Barker v. Insight Glob., LLC*, No. 16-CV-07186-BLF, 2019 WL 176260, at *2 (N.D. Cal. Jan. 11, 2019).  The court ultimately concluded that *AMN* did represent a material change in law, granted the motion for reconsideration, and permitted the plaintiff to file an amended complaint.  *Id*.  The court had no occasion to consider whether the plaintiff had adequately alleged facts demonstrating an entitlement to injunctive relief under the UCL.

by showing that he has "suffered or is threatened with a 'concrete and particularized' legal harm . . . coupled with 'a sufficient likelihood that he will again be wronged in a similar way.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citation omitted).  As to the second inquiry, the plaintiff must establish a "real and immediate threat of repeated injury." *Id.* (internal quotation marks and citation omitted).  "Although past wrongs are evidence relevant to whether there is a real and immediate threat of repeated injury, past wrongs do not in and of themselves amount to a real and immediate threat of injury sufficient to make out a case or controversy." *Makaeff v. Trump Univ., LLC*, 145 F. Supp. 3d 962, 972 (S.D. Cal. 2015).  For all the reasons discussed above, Rivers does not allege facts demonstrating *any* likelihood that Intel is likely to sue him for breach of the non-solicitation provision, let alone facts demonstrating a "real and immediate threat" that Intel will do so.  *Id*.  Absent such facts, Rivers lacks Article III standing to pursue injunctive relief in this Court.

Because Rivers does not—and cannot—allege facts suggesting that Intel is likely to sue him in the future for breach of the non-solicitation provision, he cannot establish his entitlement to injunctive relief, his sole remedy under the UCL, and the Court should dismiss the UCL claim with prejudice.

### III. RIVERS' DECLARATORY RELIEF CLAIM MUST BE DISMISSED FOR LACK OF CASE OR CONTROVERSY BETWEEN THE PARTIES

Rivers' declaratory relief claim must be dismissed for similar reasons.

Rivers does not dispute the well-established rule that declaratory relief is unwarranted where, as here, "there is no more than a conjecture or supposition that at some time in the future a controversy may arise." *Burke v. City & Cty. of San Francisco*, 258 Cal. App. 2d 32, 34 (1968) (alterations and internal quotation marks omitted).  Mot. at 11.  Yet "conjecture or supposition" is all that Rivers offers.  Again, Rivers' speculation that he remains at risk of a new lawsuit by Intel regarding the non-solicitation provision is belied by the facts, outlined above, that Intel is not asserting a claim against Rivers for breach of his non-solicitation agreement, that Intel would need to seek leave of the court or Rivers' consent to do so, that any such claim based on past conduct would be subject to claim preclusion, that any claim for future conduct would fail

because the one year non-solicitation period has now run,[4] and that Intel offered to dismiss any claim with prejudice if Rivers would drop its counterclaim. Rivers wholly ignores all of these facts, which undermine any conjecture or supposition that he otherwise offers about hypothetical future litigation. It is simply not plausible—let alone credible—that Rivers remains at risk of a second lawsuit by Intel for violation of the non-solicitation provision.

The cases on which Rivers relies illustrate why declaratory relief would be *not* be proper on these facts because they all involve active disputes where one party is currently asserting claims against the other, leading the other to seek a declaration of its rights. For instance, *Kratz* involved a live dispute over the sale of a helicopter where both sides asserted breach of contract and the defendants also sought declaratory relief regarding their rights under the contract. *Kratz Aerial Ag Serv., Inc. v. Slykerman*, No. 1:15-CV-1070-MCE-JLT, 2016 WL 1090361, at *4 (E.D. Cal. Mar. 21, 2016). Likewise, in *Sacramento EDM*, this Court found declaratory relief was proper where the plaintiff sought a declaration regarding the propriety of a judgment on which the defendant was actively trying to collect. *Sacramento E.D.M., Inc. v. Hynes Aviation Indus., Inc.*, 965 F. Supp. 2d 1141, 1155 (E.D. Cal. 2013). And in *Applied Materials*, the plaintiff continued to assert the defendants' liability under the contract at issue throughout the litigation, causing the defendants to seek declaratory relief. *Applied Materials, Inc. v. Advanced Micro-Fabrication Equip. (Shanghai) Co.*, 630 F. Supp. 2d 1084, 1088 (N.D. Cal. 2009). All of these cases arose in starkly different contexts than Rivers' counterclaim. Unlike in *Kratz*, *Sacramento EDM*, and *Applied* where one party was actively asserting its contractual rights

---

[4] Rivers claims that the fact that his one year non-solicitation agreement has expired does not undermine Intel's ability to bring a claim because Intel could bring a claim based on past conduct. *See* Opp. at 9, n.1. This ignores the fact that the claim based on past conduct has been dismissed and is subject to claim preclusion. *See* Mot. at 9, 11. The fact that the term of the non-solicitation provision has already run distinguishes this case from *Freeman*, where the contractual provision at issue remained in effect, leading the court to conclude that declaratory relief was proper in part to alleviate the uncertainty that would otherwise "persist through the term of the noncompete." *Freeman Expositions, Inc. v. Glob. Experience Specialists, Inc.*, No. SACV-17-00364-CJC(JDEx), 2017 WL 1488269, at *6 (C.D. Cal. Apr. 24, 2017), *judgment entered*, No. SACV-17-00364-CJC-JDEX, 2017 WL 1479416 (C.D. Cal. Apr. 24, 2017), *and appeal dismissed*, No. 17-55739, 2017 WL 5624290 (9th Cir. Sept. 13, 2017).

against the other, causing the other party to seek declaratory relief, Intel as the counterclaim-defendant is *not* asserting any rights against Rivers under the contractual non-solicitation provision, nor does it plan to do so.  Instead, Intel has repeatedly attempted to reach an agreement with Rivers to dismiss its claim with prejudice, to no avail, and in any event will be precluded from bringing such a claim again in the future regardless.  The case law does not support the issuance of declaratory relief in these circumstances.

Rivers' remaining arguments as to the existence of a live controversy fare no better.  Rivers attempts to substantiate the controversy between himself and Intel by alleging that Intel "required a number of other employees to sign the same or similar agreement." First Amended Counterclaim ¶ 8.  But for a party to be entitled to declaratory relief, there must be an "'actual controversy relating to the legal rights and duties *of the respective parties*.'" *People ex rel. Becerra v. Super. Ct. of Riverside Cty.*, 29 Cal. App. 5th 486, 496 (2018) (quoting Cal. Code Civ. P. § 1060) (emphasis in original).  The "'fact that an issue . . . is of broad general interest is not enough for the courts to grant such relief.'" *Id.* (quoting *Winter v. Gnaizda*, 90 Cal. App. 3d 750, 756 (1979)).  In short, the law does not allow Rivers to fashion a case or controversy between himself and Intel based on other agreements with other parties who are not before the Court.

Finally, Rivers entirely fails to address, and therefore waives any opposition to, Intel's alternative argument in support of dismissal:  That, even where an actual controversy exists, "declaratory relief is an equitable remedy [that] need not be awarded if the circumstances do not warrant." *Artus v. Gramercy Towers Condo. Ass'n*, 19 Cal. App. 5th 923, 930 (2018); *see Communities for a Better Env't v. State Energy Res. Conservation & Dev. Comm'n*, 19 Cal. App. 5th 725, 739 n.8 (2017) ("Once an 'actual controversy' exists, it is within the trial court's discretion to grant or deny declaratory relief." (emphasis omitted)).  Rivers proceeds under California's declaratory judgment act, which provides that courts may "refuse to [grant declaratory relief] in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." Cal. Code Civ. P. § 1061; *see Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 647 (2009) (explaining that Sections 1060 and 1061 "must be read together").  Here, in light of Intel's dismissal of its claim premised on the non-solicitation provision, that provision's

expiration, and the many other reasons why Intel will not and, indeed, *cannot* reinstate that claim, in this action or any other, it is "neither necessary nor proper" for the Court to adjudicate Rivers' declaratory relief claim.  Even if the Court were to conclude a live controversy exists between the parties—and it should not—it should exercise its discretion not to do so here, as the Court would be required to expend significant resources resolving thorny factual and legal issues that require no resolution, and that appear aimed solely at harassing and burdening Intel rather than seeking the relief claimed.

## IV. CONCLUSION

For the foregoing reasons, Intel respectfully asks the Court to dismiss Rivers' First Amended Counterclaim.  Because Rivers cannot allege any facts that would establish his entitlement to relief under the UCL or California's declaratory relief act, Intel respectfully asks that the Court dismiss these counterclaims with prejudice.

DATED:  November 29, 2019         Respectfully submitted,

MUNGER, TOLLES & OLSON LLP


By:     */s/ Caroyln Hoecker Luedkte*
        CAROLYN HOECKER LUEDTKE
        Attorneys for Plaintiff Intel Corporation

43377862.3

-8-

Intel's Reply in Support of Motion to Dismiss